# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 1:13 CR 235 |
| | ) | CASE NO. 1:20 CV 2694 |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | |
| **JAMIL HARDY,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed on December 3, 2020. **Doc #: 50**. For the reason to follow, the Motion is **denied**.

\* \* \*

On November 2, 2020, Defendant/Petitioner Jamil Hardy filed a Motion for Compassionate Release. Doc #: 49. On November 3, 2020, the Court issued an Opinion and Order denying his motion without prejudice, stating:

> Hardy may file a motion for compassionate release once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf, or (2) 30 days pass from the day the warden received his request. This ruling acknowledges that the BOP is in the best position to know its inmates' medical conditions, the condition of its prisons, and the remedial actions taken. If the BOP's review is unsatisfactory, the longest a defendant has to wait before filing his motion in the district court is 30 days after the warden receives it.

Doc #: 50 at 2. Rather than follow the Court's instructions on how to exhaust his administrative remedies, Hardy filed, on December 3, 2020, a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 under Case No. 1:20 CV 2694. Therein, Hardy states that he is "filing under the

Cares Act, due to Covid 19 and me having less than 6 months remaining on my sentence and having an underlying health condition. (Type 1 Diabetes)" Id. at 8.  If Hardy had presented his request to the warden of his facility when he received notice of the Court's November 3, 2020 Opinion and Order, the 30-day period for exhausting his administrative remedies would have passed (or soon would) and the Court would able to address his compassionate-release motion on the merits.  Instead, he has tried to do an end-run around the compassionate-release exhaustion requirement by filing the pending motion.  This, the Court cannot countenance.

Accordingly, the Court hereby **DENIES** the pending § 2241 habeas petition.  **Doc #: 50.**
**IT IS SO ORDERED.**

   */s/ Dan A. Polster     December 7, 2020*
**Dan Aaron Polster**
**United States District Judge**